UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

N.A.M.,

                      Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

U.S. DEPARTMENT OF HOMELAND SECURITY;

PAMELA BONDI, *U.S. Attorney General*;

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;

TODD LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*;

IMMIGRATION AND CUSTOMS ENFORCEMENT;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

JOEL BROTT, *Sheriff of Sherburne County*,

                      Respondents.

Civil No. 25-4737 (JRT/EMB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Mrynna Rutan, **AUST SCHMIECHEN, P.A.**, 825 Nicollet Mall, Suite 623, Minneapolis, MN 55402, for Petitioner.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner N.A.M.[1] was arrested in Lake Elmo, Minnesota and detained by United States Immigration and Customs Enforcement ("ICE") in November 2025. N.A.M. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully without a bond hearing. Because the Court concludes that N.A.M. is entitled to a bond hearing under 8 U.S.C. § 1226, the Court will grant N.A.M.'s petition for a writ of habeas corpus.

## BACKGROUND

N.A.M. is a citizen of El Salvador. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 40, Dec. 22, 2025, Docket No. 1.) He entered the United States without inspection in June 2005. (*Id.*) On November 3, 2025, ICE apprehended N.A.M. while assisting state and local law enforcement in executing a state search warrant at the residence of an extended family member where N.A.M. was living at the time. (*Id.* ¶ 41; Decl. of Xiong Lee ("Lee Decl.") ¶ 5, Dec. 24, 2025, Docket No. 7.)

That same day, ICE served N.A.M. with a Notice to Appear (Form I-862), charging him as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act because he was "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than designated by the Attorney

---

[1] Petitioner N.A.M. requests that the Court allow him to proceed using a pseudonym because he is a victim and witness in a state criminal investigation and fears retribution by the perpetrator. (Mot. Proceed Under Pseudonym, Dec. 22, 2025, Docket No. 2.) Because the Court finds that Petitioner's need for anonymity outweighs countervailing interests in full disclosure, the Court will grant N.A.M.'s motion to proceed under a pseudonym.

General." (Pet. ¶ 47 & Ex. A, Docket No. 1-2.) He was also charged as removable under § 212(a)(7)(A)(i)(I), for not being in possession of a valid entry document. (*Id.*)

N.A.M. is being detained at the Sherburne County Jail in Elk River, Minnesota. (*Id.* ¶ 13.) On December 22, 2025, N.A.M. filed a Verified Petition for Writ of Habeas Corpus (Docket No. 1). He alleges that his continued detention without the opportunity to be heard in a bond hearing is unlawful. (*Id*. ¶¶ 48–58.) Among other things, N.A.M asks the Court to order Respondents to provide N.A.M. with a bond hearing under 8 U.S.C. § 1226(a) within 7 days. (*Id.* at 15.) The Court issued an order to show cause, directing the Respondents to submit an answer by December 24, 2025 (Docket No. 5), and the Government did so (Docket No. 6).

## DISCUSSION

Respondents argue that N.A.M. is subject to detention under to 8 U.S.C. § 1225(b)(2), not § 1226, and therefore, he is not entitled to a bond hearing. (Resp. at 3, Dec. 24, 2025, Docket No. 6.)

After thorough review of the parties' filings, the Court concludes that the legal issues presented by N.A.M.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that N.A.M. was arrested while already in the United States. Indeed, N.A.M.'s Notice to Appear designated him as "present in the United States without being admitted or paroled" under § 212 (a)(6)(A)(i)

of the INA. (Pet. ¶ 47 & Ex. A, Docket No. 1-2.) For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that N.A.M.'s detention is governed by 8 U.S.C. § 1226, not § 1225(b)(2). Accordingly, the Court will order that N.A.M. receive a bond hearing in accordance with § 1226.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner N.A.M.'s Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a);

    b. Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 7 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

    c. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention; and

    d. Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

2. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the ordered bond hearing.  If the immigration judge determines that the Petitioner is subject to the detention under 8 U.S.C. § 1226(a), Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise, which require Petitioner to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination.  The Court will then determine whether to grant the request and permit transfer of Petitioner.

3. Petitioner's Motion to Proceed Under Pseudonym [Docket No. 2] is **GRANTED**;

4. Within 3 days of the date of this Order, the parties shall file any requests for redaction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 29, 2025
at Minneapolis, Minnesota.

                                          JOHN R. TUNHEIM
                                        United States District Judge